148 So. 317

RICH et al. v. KING LAND & IMPROVEMENT CO.

6 Div. 278.

Supreme Court of Alabama.

May 18, 1933.

W. H. Woolverton, of Birmingham, for appellants.

Stephen B. Coleman, of Birmingham, for appellee.

BOULDIN, Justice.

The bill was filed for reformation of a deed to lands.

The mutual mistake set up as ground for reformation related to the covenant of warranty therein.

This covenant, as written in the deed, warranted the title against all incumbrances other than shown in the deed. Certain of the lots were incumbered at the time with local assessments made by the city of Birmingham for improvements abutting the property.

The bill alleges no warranty against these local assessments was ever intended by either party, and by mutual mistake they were not excluded from the covenant.

The evidence is without substantial conflict as to the controlling facts. It appears neither the grantee nor the managing officer of the grantor corporation at the time of making the deed knew such incumbrances existed; that the books and records to which both had access in their negotiations did not disclose these local assessments.

The deed disclosed outstanding mortgages on these several lots of stated amounts, and they were conveyed subject to such mortgages; one other lot was conveyed subject to a local assessment thereon; but the lots in question were conveyed without mention of any incumbrances other than mortgages. In legal effect they were warranted free from other incumbrances.

Clearly this state of facts discloses no mistake authorizing a reformation; no mutual agreement that local assessments should be excluded from the warranty as to these lots, and a mere mistake in drafting the deed in keeping with the common intention.

The mistake related to the status of the property; the deed was made and accepted under mistake as to the state of the title. Under some conditions a remedy by rescission might arise in such case, but not a right of reformation. Appellee, complainant below, properly concedes this point, but seeks to sustain the decree rendered on another theory.

Respondents had brought suits at law for breaches of the covenant of warranty. The bill prayed for an injunction against the prosecution of such suits, offered to do equity, and prayed for general relief. The trial court on final hearing by decree permanently enjoined the prosecution of such suits.

The evidence, taken orally before the court, disclosed that the grantee in the deed was a stockholder in complainant corporation, holding stock in his name for himself and other respondents as beneficial owners. Desiring to withdraw from the corporation, negotiations were conducted to surrender their stock and take in money and lands their share of the assets. An audit and appraisal were had fixing the value of their stock, and then lots and parcels of land were selected and prices agreed upon and conveyed as and for their share in the enterprise in the nature of a voluntary partition between them and other shareholders.

Now, inasmuch as the local assessments on this property, as well as other properties still held by the corporation, were not considered and deducted in ascertaining the value of the stock of the grantees, it is insisted that it would be inequitable to call upon the other stockholders to contribute to make good the warranty in this deed; or, stated differently, the value of the stock of the grantees should be reduced by a proportionate amount of the local assessments omitted in making an appraisal of the assets.

Without passing upon the existence of such an equity, it is not presented by any averments in the bill. The sole ground for an injunction as the bill is framed is in aid of a bill for reformation.

To enjoin the suits at law it is necessary that complainant do equity as shall be ascertained and decreed on an amended bill properly setting up the equities claimed, if such there be.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.